**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARTHA E. RANDALL,**

> **Plaintiff,**

**vs.**                                                              **Case No. 8:04-CV-1722-T-30EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

> **Defendant.**
> _____/

**REPORT AND RECOMMENDATION**

Plaintiff brings this action pursuant to the Social Security Act ("the Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying benefits.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before Administrative Law Judge Richard E. Ouellette ("ALJ Ouellette"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.[2]

**I.      STANDARD OF REVIEW**

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler,

---

[1]The district court has referred this matter to the undersigned for consideration and a Report and Recommendation. See Local Rules 6.01(b) and 6.01(c), M.D. Fla.

[2]Several ALJs conducted successive proceedings in this case. The relevant decision for the purposes of this judicial review is that of ALJ Ouellette.

703 F.2d 1233, 1239 (11th Cir. 1983).   If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

## II.    FACTUAL BACKGROUND

Prior to filing the application for Disability Insurance Benefits ("DIB") at issue here, Plaintiff filed an initial application for DIB claiming a disability beginning on May 22, 1994. (T 28-29)  In a decision issued on July 24, 1997, ALJ Joseph Midicus, Jr. ("ALJ Midicus") found Plaintiff disabled and granted benefits for a closed period from May 22, 1994 through July 29, 1995. (T 29, 250)  Plaintiff was last insured on December 31, 1999. (T 267)

Plaintiff filed a second application for DIB, the application at issue here, on March 25, 1998, alleging an onset of disability on May 22, 1994, the same date as alleged in Plaintiff's previous application. (T 77-80)  This application was denied initially, upon reconsideration, and by ALJ Jose Anglada ("ALJ Anglada") in a decision issued on June 29, 1999. (T 13-19)  The Appeals Council declined to review ALJ Anglada's decision (T 4-6), and Plaintiff appealed to this court.[3]  In an order

---

[3]The prior District Court proceedings in the Middle District of Florida occurred in Case No. 8:00-CV-2111-T-MSS.

dated September 30, 2002, United States Magistrate Judge Mary S. Scriven held that ALJ Anglada's conclusion that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4 was supported by substantial evidence.  (T 292)  However, Judge Scriven found that ALJ Anglada erred by failing to include all of Plaintiff's limitations in the hypothetical posed to the vocational expert and remanded the matter for further proceedings.  (T 295)

Upon remand, Plaintiff appeared for a supplemental administrative hearing on March 18, 2004 before ALJ Ouellette.  (T 262-286)  In a decision issued April 23, 2004, ALJ Ouellette found that Plaintiff was not under a "disability" at any time from July 25, 1997 through December 31, 1999.  (T 251, 261)  Disability benefits were denied.  (T 261) The Commissioner concedes that Plaintiff has exhausted her administrative remedies and the case is ripe for consideration.  (Dkt. 16 at 3).  The relevant time period of Plaintiff's alleged disability for purposes of this appeal is July 25, 1997 through December 31, 1999.  (T 251)

Plaintiff was 47 years old at the time of the administrative hearing on March 18, 2004.  (T 269)  Plaintiff attended school in Mexico through 4th grade.  (T 272)  Plaintiff's past relevant work experience consists of field work and working crew leader in the agriculture field.  (T 97)  Plaintiff asserts that a herniated nucleus pulposis due to an industrial injury in 1994 and cervical injury due to a automobile accident in 1996 have rendered her unable to work.  (Dkt. 15 at 9-10).

Following the administrative hearing on March 18, 2004, the ALJ found that Plaintiff suffered from cervical and lumbar disc disease with chronic back pain, status post surgery, and poliomyelitis resulting in right upper extremity impairment.  (T 254)  ALJ Ouellette determined that the above impairments are severe, but that Plaintiff's impairments or combination of impairments

do not meet or medically equal the impairments listed in Appendix 1, Subpart P of Regulations No.

4.  (T 254)  ALJ Ouellette held that Plaintiff could not perform her past relevant work, but that she

could perform a significant range of light work activity.[4]  (T 258)  ALJ Ouellette determined that

Plaintiff could perform jobs such as produce inspector, merchandise marker, and equipment tender.

(T 261)  In reaching the conclusion that Plaintiff had not been under a "disability" from July 25,

1997 through December 31, 1999, ALJ Ouellette held that Plaintiff's statements regarding her pain

and English language ability were not credible.  (T 257)

Although Plaintiff does not clearly demarcate particular points of error in her poorly drafted

memorandum, Plaintiff seems to argue that ALJ Ouellette: (1) incorrectly found that Plaintiff did

not meet the requirements of Listing 1.05C "Disorders of the Spine," in the Code of Federal

Regulations, Subpart P, Appendix 1; (2) posed incomplete hypothetical questions to the vocational

expert by failing to include Plaintiff's chronic pain, depression, and language deficit; and (3)

incorrectly found that Plaintiff speaks English.  (Dkt. 15 at 9-10).

The medical evidence has been summarized in the decision of ALJ Ouellette and will not be

repeated here except as necessary to address the issues presented.

## III.    DISCUSSION

### A.    Listing 1.05C of Appendix 1

Plaintiff argues that she meets the criteria for a finding of "disabled" based on Listing 1.05C

of the Code of Federal Regulations, Subpart P, Appendix 1.  (Dkt. 15 at 9).  Defendant responds that

---

[4]Light work, defined at 20 C.F.R. §§ 404.1567(b), involves the lifting of no more than twenty
pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds.  Light work
may require a good deal of walking or standing, or may involve sitting most of the time with some
pushing and pulling of arm or leg controls.

Judge Scriven ruled on this issue in the prior case and upheld ALJ Anglada's decision that Plaintiff did not meet the requirements of Listing 1.05C.  (Dkt. 16 at 2).  Defendant is correct.

In her September 20, 2002 order, Judge Scriven concluded that ALJ Anglada's decision that Plaintiff did not meet Part 2 of the criteria for Listing 1.05C was supported by substantial evidence. (T 293)  Although Judge Scriven remanded the matter for other reasons, ALJ Anglada's decision on the Listings issue was considered by the court and upheld.  Plaintiff presents no reason why the prior ruling on this issue should be revisited.  Indeed, Plaintiff should be foreclosed from raising this issue in this action for judicial review of a limited remand.

### B.      Testimony of the Vocational Expert

Plaintiff next argues that ALJ Ouellette did not include Plaintiff's characteristics of chronic pain, depression, and inability to speak English in the hypothetical questions posed to the VE.  (Dkt. 15 at 10).  However, these restrictions were not the subject of Judge Scriven's remand order.[5]

During the March 18, 2004 hearing, ALJ Ouellette posed the following hypothetical question to the VE:

> Assume an individual who has the same age, education, and work experience as the Claimant, and has the following residual functional capacity.  Capable of light work with a sit/stand option, with an occasional limitation for bending, stooping, crouching, kneeling.  With an occasional limitation for repetitive prolonged positions

---

[5]Judge Scriven held that ALJ Anglada's hypothetical to the VE failed to include two important limitations of Plaintiff's: the inability to supinate her right hand, and the inability to do frequent reaching above chest level.  (T 294)  Judge Scriven ordered that these limitations be included in a hypothetical to the VE upon remand for "a determination of whether Plaintiff maintains the ability to perform the jobs that were previously identified by the VE at the last administrative hearing on this matter."  (T 295)  Those jobs previously identified by the VE were small parts assembler, hand packer, parking lot attendant, cashier, and toll collector. (T 293)  At the subsequent hearing before ALJ Ouellette, the VE identified the jobs of produce inspector, merchandise marker, and equipment tender as consistent with Plaintiff's residual functional capacity. (T 258-260)

of the neck and frequent limitation in reaching above chest level, but capable of performing routine repetitive tasks in an environment where occasional lapses in concentration are accepted.

(T 284)

In response to this hypothetical, the VE determined that Plaintiff could perform the jobs of produce inspector, merchandise marker, and equipment tender. (T 284-285) Plaintiff's counsel then posed another hypothetical including the inability to supinate the right hand, a restriction of moving the upper right extremity, and the inability to do frequent reaching above chest level. (T 285) The VE testified that these conditions would eliminate the merchandise marker job, but would not have any effect on the positions of produce inspector or equipment tender. (T 285)

Plaintiff now argues that ALJ Ouellette should have included the factors of chronic pain, depression, and a language deficit in his hypothetical to the VE. (Dkt. 15 at 10). However, Judge Scriven previously considered the completeness of the hypotheticals posed to the VE and ruled that the hypothetical needed to include only two additional restrictions: right hand supination limitations, and inability to do frequent reaching above chest level. (T 294) Plaintiff had the opportunity to argue for inclusion of these additional limitations during the earlier proceeding before Judge Scriven and failed to do so.[6]

In order for a VE's testimony to constitute substantial evidence that a claimant can perform certain jobs, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999), cert. denied 529 U.S. 1089 (2000)).

---

[6]When given the opportunity at the supplemental hearing, Plaintiff's counsel did not pose a hypothetical to the VE that included the factors of chronic pain, depression, and a language deficit. (T 285-86)

Although the ALJ's hypothetical may not have been in full compliance with Judge Scriven's remand order, Plaintiff's counsel posed a hypothetical which did include both limitations specified in the remand order. (T 285) It is clear from his discussion that ALJ Ouellette considered the VE's response to the hypothetical which included both limitations Judge Scriven specified. (T 259) Although in his decision ALJ Ouellette mentions only the inability to supinate the right hand, it is apparent that he intended this discussion of the VE's response to claimant's hypothetical to include both of the relevant limitations.[7]

### C.      Plaintiff's Ability to Speak English

Plaintiff argues that ALJ Ouellette incorrectly concluded that Plaintiff speaks English. (Dkt. 15 at 10). This argument is also without merit.

During Plaintiff's prior federal court action, Plaintiff asserted that her situation should not be analyzed under the Grids based on the fact that she can neither read, write, nor speak in English.[8] See Case No. 8:00-CV-2111-MSS, Dkt. 19 at 14. In the current proceeding, Plaintiff is apparently attempting to resuscitate her argument regarding language ability by highlighting the fact that Plaintiff's physicians are Spanish-speaking and that Plaintiff's own testimony was in Spanish. (Dkt. 15 at 10).

This attempt fails for several reasons. First, Plaintiff's original argument was that her inability to speak English precluded the use of the Grids to discern whether she was "disabled." Civil Action No. 8:00-CV-2111-MSS, Dkt. 19 at 14. In this case, ALJ Ouellette used the testimony

---

[7]ALJ Ouellette referred to the VE's testimony after limitations were added by claimant's representative, and this testimony included both conditions. (T 285)

[8]As discussed above, Judge Scriven remanded Plaintiff's case on other grounds. (T 295) The issue of Plaintiff's English language ability apparently did not warrant remand.

of a VE rather than the Grids to determine disability.[9]  Second, the court already considered the issue of Plaintiff's language ability and decided that such a limitation need not be included in the hypothetical posed to the VE.  In her remand order, Judge Scriven declined to include limited language ability when ordering the ALJ to incorporate two specific limitations in the hypothetical to the VE.  (T 294)  The court will not revisit a settled matter such as this one, as Plaintiff may not re-litigate rejected arguments piecemeal.   Moreover, ALJ Oulette weighed the evidence on this issue, including Plaintiff's alleged reliance on  a Spanish interpreter at the hearing and found that "the great weight of the evidence" refutes her claim of inability to speak English.  (T 257).[10]

## IV.   CONCLUSION

Accordingly and upon consideration it is **RECOMMENDED** that:

(1)   The decision of the Commissioner be **AFFIRMED**, that the Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) and close the file, and that each party bear his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this   27th   day of February, 2006.

ELIZABETH A JENKINS
United States Magistrate Judge

---

[9] ALJ Ouellette recognized that Plaintiff was not able to perform a full range of light work and obtained the testimony of a VE.  (T 259)

[10] The ALJ noted that, among other things, the administrative file documented that Plaintiff was able to communicate in English with an SSA administrator as well as a psychologist and that a vocational counselor stated that Plaintiff could speak and understand English at a functional level. (T 257)

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of this service shall bar an aggrieved party from attacking the factual findings on appeal.  See 28 U.S.C. 636(b)(1).